Froessel, J. (dissenting).
We are all agreed that neither the alleged violation of the restrictive covenants, nor the alleged abuse of corporate powers, warrants restraining the proposed construction, and I would concur for affirmance were it not for the presence of factual questions relating to the applicability of the village zoning ordinance, and which were not decided by the courts below.
The zoning ordinance was introduced into the case by general allegation in the fourth cause of action amplified by the bill of particulars; it was specifically referred to during the opening statement of plaintiffs’ counsel, the ordinance itself was introduced into evidence without objection, testimony was given with respect thereto, plaintiffs’ counsel argued the point during his closing statement and the ensuing colloquy, and the court granted — again without objection—plaintiffs’ motion to conform the pleadings to the proof. Special Term, therefore, erred in not passing upon the applicability and effect of the ordinance. In affirming, the Appellate Division stated, somewhat cryptically and erroneously, that there ‘ ‘ is nothing in the pleadings or proof which would warrant an injunction on the ground * * * that the construction will violate a village zoning ordinance” (emphasis supplied). Since they reversed on the law, and expressly affirmed “ The facts as found ”, I take this to mean that they made no new findings of fact. Therefore, since the trial court expressly stated it was not considering the effect of the ordinance, and made no findings with respect *928 thereto, and the Appellate Division made no new findings, plaintiff's have as yet had no determination of the issues raised. Under the circumstances, plaintiffs should not be required to commence a new action based on the alleged violation of the zoning ordinance.
The judgment appealed from should, therefore, be modified by reversing so much thereof as dismissed that portion of the fourth cause of action as amplified by the bill of particulars, relating to alleged violation of the village zoning ordinance, and the matter remanded to Special Term on the limited issue of the applicability and effect of said ordinance; and in all other respects the judgment appealed from should be affirmed.
Judgment affirmed.